ISAAC N. E. ALLEN v. NELLIE B. BEEBE.

Submitted March 20, 1899—Decided June 12, 1899.

The circumstance that a married woman is the owner of the majority of stock in a corporation does not enable her to bind herself to pay its debts.

On demurrer to plea.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the plaintiff, *Howard W. Hayes.*

For the defendant, *Philemon Woodruff.*

The opinion of the court was delivered by

GARRISON, J.   If the circumstance that a married woman is the owner of a majority of stock in a corporation does not enable her to bind herself to pay its debts, judgment on this demurrer must be for the defendant.   In my opinion such ownership has no bearing at all upon the question of the capacity of a married woman under our statute.   The disability of a married woman in this state remains as at common law, in so far as her promise to pay the debt of another person is concerned, unless on the faith of such promise she "obtained, directly or indirectly, any money, property, or other thing of value, for her own use, or for the use, benefit or advantage of her separate estate."   *Gen. Stat., p.* 2018.

No amount of casuistry can alter the fact that a corporation is "another person," distinct in law from the natural or artificial persons who hold its stock.   When, therefore, upon the faith of a stockholder's promise a corporation obtains property, the person who makes the promise is not the person who obtains the property.   If the stockholder be a married woman, then she has obtained nothing "to her own use" or for her "separate estate," because the obtaining was by another person, to wit, the corporation.   The degree of control she may have over the conduct of that other person is not the test established by the statute and would lead to absurdly remote and speculative results.

The argument that the words "directly or indirectly" in the statute points to such a conclusion is fallacious; for the contention must then be that a married woman may use her

credit to obtain property for other people whenever it is advantageous to her that they should obtain it; which is not what the statute says. " Directly or indirectly," in my opinion, qualify the word " obtain " and serve to enlarge the mode by which the married woman may secure her separate interest, not to minimize the nature of that interest or to throw it open to speculative or remote contingencies. In a sense it may be said to be advantageous to a married woman that her debtor should obtain money, for then he would discharge her claim, or that her minor child should obtain property, for then it would contribute to its own support; but no one would pretend that such cases came within the statute of this state. The principle is that the intervention of a distinct personality between the married woman and the property obtained by her promise leaves the transaction outside both the letter and the spirit of the enabling act.

In the present case the demurrer was interposed by the plaintiff to a plea setting up that no notice of protest had been given the defendant. The plea is bad, but so is the declaration. In such case judgment on demurrer must be given against the plaintiff.